# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT LOUISIANA

| | |
|---|---|
| ANDRE CARPENTER ) | CIVIL ACTION NO. |
| ) | |
| VERSUS ) | JUDGE _____ |
| ) | |
| UNIVERSTY OF HOLY CROSS, ) | MAG. JUDGE _____ |
| ANGELA RUIZ, in her individual capacity and his ) | |
| Official capacity as V.P. of Mission Integration ) | |

## COMPLAINT

### NATURE OF ACTION

**1.**

This is an action for declaratory and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his race and its unlawful retaliation against him after he complained about unlawful harassment and discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., LA. R.S. 23:301 *et seq.*, and under Louisiana's anti-discrimination laws, Retaliation, 42 U.S.C. § 1983, and violations of constitutional rights by government actors, for injuries and damages arising from acts of discrimination.

### PARTIES

**2.**

The plaintiff is **Andre Carpenter** ("Carpenter"), an African American male citizen of the United States, a resident of Covington, St. Tammany Parish, Louisiana. During all relevant periods, Plaintiff was employed by and a graduate student at Our Lady of Holy Cross College.

**3.**

The Defendants are:

**UNIVERSITY OF HOLY CROSS** ("Holy Cross"), a non-profit organization in Orleans Parish who hired Plaintiff on January 19, 2021 and has allowed a pervasive practice of discrimination and retaliation.

**ANGELA RUIZ** ("Ruiz"), an individual employed by Holy Cross as the Vice President of Mission Integration and Campus Ministry.

## JURISDICTION

4.

This Court has jurisdiction over this matter as the claims arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. § 623, and 23 U.S.C. §1367 *et seq.*, to hear and decide claims arising under state law.

## VENUE

5.

Venue is proper in this Court as the actions giving rise to these claims and causes of action occurred within the jurisdiction of the Eastern District of Louisiana.

## ADMINISTRATIVE PROCEDURES

6.

Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").

7.

The EEOC investigation of this charge has been completed and Plaintiff was issued a notice of right to sue on May 13, 2022.

**8.**

Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

**9.**

Plaintiff is an African American male and former employee of the University of Holy Cross.

**10.**

Plaintiff was employed by the University of Holy Cross from January 19, 2021, to October 1, 2021, as the Director of Diversity and Inclusion.

**11.**

As Director of Diversity and Inclusion, Plaintiff reported to Defendant, Angela Ruiz, as his immediate supervisor.

**12.**

At all times relevant to Plaintiff's employment and for one (1) year prior to, Plaintiff was enrolled in an online PhD Counseling Program at the University of Holy Cross.

**13.**

On multiple occasions, Plaintiff was asked by Ms. Ruiz to mentor various individuals on campus. In every occurrence, the prospective mentee was an African American male either dealing with substance abuse or homeless. At no point was Plaintiff consulted about mentoring any individuals other than high risk black males.

**14.**

Plaintiff was also asked by Ms. Ruiz to provide a training from the Student Ambassadors. Upon completing the requested task, Ms. Ruiz informed Plaintiff that she did not want the training

to be about black versus white. Plaintiff refraining from mentioning black and white race relations in trainings and meetings was a constant theme during Plaintiff's tenure.

**15.**

During the course and scope of his employment, Plaintiff routinely faced significant pushback and opposition from his supervisor, Ruiz, and two (2) other faculty members on the diversity committee.

**16.**

Plaintiff complained of harassment by Ruiz to the University President, Dr. Stanton McNeely on multiple occasions. Plaintiff requested that Dr. McNeely remove him from the supervision of Ruiz, but to no avail.

**17.**

Om September 29, 2021, Plaintiff filed three (3) grievances with the Human Resources Director, Melanie Erlinger. The basis of which were harassment claims made against Defendant, Angela Ruiz, and two (2) other faculty members namely: Dr. Todd Amick and Dr. Caitlin Gilson.

**18.**

On October 1, 2021, immediately following the filing of the aforementioned grievances, Plaintiff was called into a meeting at the request of Defendant, Angela Ruiz, wherein he was discharged from his employment with Holy Cross.

**19.**

During said meeting, Plaintiff was informed that he was being discharged based on allegations of insubordination and failure to follow chain of command.

20.

In addition to Plaintiff's firing, Plaintiff was informed that he would also be removed from the online PhD Counseling program, in which he was enrolled prior to his employment.

21.

Plaintiff was informed that he was not allowed to step foot on the campus of Holy Cross, and because of that reason he was being removed from the "online" program.

22.

Plaintiff's previously filed grievances were not addressed during said meeting, nor have they been addressed to date.

## RETALIATION CLAIM AGAINST ANGELA RUIZ

*42 U.S.C. § 1983*

23.

On suggesting to the Court that it has been long stated that acts to oppose discrimination are considered protected activity as long as the employee was acting on a reasonable belief that something in the workplace may violate EEO laws.

24.

In or around September 29, 2021, Plaintiff complained to Human Resources about harassment and discrimination against himself regarding the way he was depicted as the stereotypical "angry black man" by his supervisor and defendant, Angela Ruiz.

25.

As a direct result of Plaintiff's complaints, on or about October 1, 2021, a mere two (2) days following Plaintiff's filing of his formal grievance, Plaintiff was terminated by the very individual against whom said grievance was filed.

26.

Defendant Ruiz embarked upon an orchestrated campaign of retaliatory harassment, which included having Plaintiff removed from the online PhD program, citing concerns of Plaintiff stepping foot on campus.

27.

Ruiz's conduct caused Plaintiff to forfeit his then expected graduation date of Fall 2022. Plaintiff has been unable to find a college that will accept his credits and is in the most likely position of having to start his PhD journey from the beginning.

28.

Ruiz acted with willfulness or, in the alternative, with reckless indifference to Plaintiff's right to engage in protected conduct.

29.

Ruiz is liable in her individual capacity to Plaintiff for all damages and injuries Plaintiff suffered due to Ruiz's intentional campaign of retaliatory termination of Plaintiff's employment because she acted with willful and/or reckless indifference to Plaintiff's rights, Ruiz may be cast in judgment for punitive damages. She further owes costs and attorney's fees as authorized by 42 U.S.C. §1988.

*La. R.S. 51:2256*

30.

Plaintiff's complaints to the University of Holy Cross's Human Resources Department and concerned harassment and racially discriminatory practices in connection with his employment and an "unlawful practice" as defined by LA. R.S. 51:2232 (10).

31.

Plaintiff's complaints were never addressed. In lieu of investigation, Plaintiff was immediately terminated and removed from his academic program.

32.

Angela Ruiz retaliated against Plaintiff because he had opposed an unlawful, harassment, and/or race-related discriminatory practice in connection with his employment.

33.

La. R.S. 51:2256 prohibits any person from discriminating or retaliating "in any manner" against one who has opposed an unlawful practice.

34.

Pursuant to the provisions of R.S. 51:2256 and R.S. 51:2264, Ruiz is liable to Plaintiff for all damages caused by Ruiz's retaliatory actions, plus costs and attorney's fees.

## CLAIMS AGAINST THE UNIVERSITY OF HOLY CROSS

*La. R.S. 51:2256*

35.

The University of Holy Cross is also vicariously liable for the wrongful conduct of Angela Ruiz as her employer.

36.

The University of Holy Cross was aware that Ruiz was retaliating against Plaintiff by terminating him despite a formal grievance being filed against Ruiz. Holy Cross tacitly approved of Ruiz's conduct by allowing the termination to stand and never investigating/addressing the formal grievances filed by Plaintiff. The University of Holy Cross is liable to Plaintiff for

compensatory damages, lost wages and benefits, costs, and attorney's fees, plus pre-judgment interest.

*42 U.S.C. § 1981*

**37.**

The University of Holy Cross is the employer of Angela Ruiz.

**38.**

They are liable under 42 U.S.C. § 1981 for damages caused to Plaintiff by the retaliatory conduct of their supervisory agent level employee, Angela Ruiz, committed because of Plaintiff's race and/or because of Plaintiff's complaint of unlawful practice. They are also liable for costs and attorney's fees.

JURY DEMAND

**39.**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**WHEREFORE, PLAINTIFF PRAYS:**

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of Louisiana;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress,

humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

D. That the plaintiff be awarded compensatory damages pursuant to 42 U.S.C. §1981(a) and Louisiana law.

E. That the plaintiff be awarded punitive damages pursuant to 42 U.S.C. §1981(a).

F. That the court award such other relief to which the plaintiff may be entitled under the applicable provisions of state and federal law, including reasonable attorney's fees, interest thereon, and all costs of this action, including expert witness fees, and that plaintiff be awarded interest on all monetary relief, including back pay, costs, fees, and expenses, from the date of judicial demand.

G. For trial by jury for those matters triable to a jury; and

H. That the plaintiff be awarded such relief as the Court finds equitable, just and proper.

Respectfully Submitted:

PEARSON & MITCHELL LLC

_____
ROBERT A. PEARSON (#33492)
JOELANN S. ROUSELL (#38955)
4480 General Degaulle Dr., Suite 115
New Orleans, Louisiana 70131
Telephone: (504) 483-9050
Facsimile: (800) 695-9056
E-mail: rpearson@pearsonmitchell.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT LOUISIANA

| | | |
|---|---|---|
| ANDRE CARPENTER | ) | CIVIL ACTION NO. |
| | ) | |
| VERSUS | ) | JUDGE _____ |
| | ) | |
| UNIVERSTY OF HOLY CROSS, | ) | MAG. JUDGE _____ |
| ANGELA RUIZ, in ~~his~~ her individual capacity and his | ) | |
| Official capacity as V.P. of Mission Integration | ) | |

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANA**

     **BEFORE ME**, the undersigned Notary Public, personally came and appeared:

**ANDRE CARPENTER**

who, after being duly sworn did declare and state that he has reviewed the allegations of facts contained within the foregoing "**COMPLAINT**" and that the allegations contained therein are true and correct, to the best of her knowledge, information and belief.

_____
**ANDRE CARPENTER**

**SWORN TO AND SUBSCRIBED**, before me, Notary Public, Parish of __Orleans__,
State of Louisiana, this __11th__ day of __July__, 2022.

_____
**NOTARY PUBLIC**

ROBERT A. PEARSON
NOTARY PUBLIC
LA BAR No. 33492
Parish of Orleans, State of Louisiana
My Commission is issued for Life