UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE CARPENTER | CIVIL ACTION |
| VERSUS | NO. 22-2119 |
| UNIVERSITY OF HOLY CROSS, ET AL. | DIVISION "5" |

## ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim and Alternative Motion to Dismiss for Insufficient Service of Process (rec. doc. 13) filed by Defendants, University of Holy Cross ("UHC") and Angela Ruiz ("Ruiz") (collectively, "Defendants"). Plaintiff opposes the motion (rec. doc. 14), and Defendants filed a reply.  (Rec. doc. 17). Having reviewed the pleadings and the case law, the Court rules as follows.

I.      **Background**

Plaintiff is an African-American male and a former employee of UHC. (Rec. doc. 1 at p. 3). Plaintiff worked for UHC from January 19, 2021 until October 1, 2021 as the Director of Diversity and Inclusion. (*Id.*). Plaintiff reported to Ruiz, his immediate supervisor. (*Id.*). During the course and scope of his employment, Plaintiff alleges that he "routinely faced significant pushback and opposition from his supervisor, Ruiz, and two (2) other faculty members on the diversity committee." (*Id.* at p. 4). Plaintiff complained of harassment by Ruiz to the University President, Dr. Stanton McNeely, on multiple occasions and asked to be removed from supervision by Ruiz, all to no avail. (*Id.*).

On September 29, 2021, Plaintiff filed three grievances with the Human Resources Director, Melanie Erlinger. (*Id.*). The bases of the grievances were harassment by Ruiz and two other faculty members, Dr. Todd Amick and Dr. Caitlin Gilson. (*Id.*). On October 1, 2021,

Ruiz called Plaintiff into a meeting and terminated him for allegations of insubordination and failure to follow the chain of command. (*Id.*). Plaintiff was also removed from his online Ph.D Counseling Program. (*Id.* at p. 5). No one has ever addressed Plaintiff's grievances. (*Id.*).

On July 11, 2022, Plaintiff filed this lawsuit. He asserts the following claims: (1) retaliation claims under 42 U.S.C. § 1983 and Louisiana Revised Statute § 51:2256 against Ruiz in her individual capacity; and (2) retaliation claims against UHC under Section 51:2256 and 42 U.S.C. § 1981 as Ruiz's employer.[1]

## II.     Standard of Review: Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is viewed with disfavor and is therefore rarely granted. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] While Plaintiff mentions Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Louisiana Revised Statute § 23:301 *et seq.* in the opening paragraph of his complaint, there is no further mention of those statutes in his complaint. Indeed, in his "Claims" section of the complaint, he specifically mentions only 42 U.S.C. §§ 1981 and 1983 and Section 51:2256.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is warranted the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

### III.   Law and Analysis

#### A.   Section 1983

Plaintiff asserts a violation of Section 51:2256 through 42 U.S.C. § 1983 against Ruiz. Section 1983 does not create substantive rights, *S.W. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); it is a procedural rule that provides a private cause of action for redressing a violation of federal law. *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 621 (W.D. La. 2013). Therefore, an underlying constitutional or statutory violation is a predicate to any theory of liability under Section 1983. *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989). Generally, three elements must be established in a Section 1983 action: (1) deprivation of a right secured by federal law, (2)

that occurred under color of state law, and (3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

There are two fatal problems with Plaintiff's claim against Ruiz under Section 1983. First, Ruiz is not a state actor. She is an employee of UHC, a private, non-profit educational institution. (Rec. doc. 1 at p. 2). As Ruiz is not a state actor, no claim through Section 1983 may be asserted against her.

Moreover, Plaintiff asserts no violation of federal law against Ruiz under Section 1983. He asserts only a violation of state law, namely, Section 51:2256. Section 1983 may not be asserted to vindicate a violation of state law. Indeed, it is hornbook law that "a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005); *see also Rector v. City & Cty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) ("It is well-established . . . that a state's violation of its own laws does not create a claim under § 1983."). As no Section 1983 claim may be asserted for a violation of state law and because Ruiz is not a state actor, all claims against Ruiz asserted through Section 1983 must be dismissed.

B.      **Section 1981**

Plaintiff bases his retaliation claims against UHC under Section 51:2256 and 42 U.S.C. § 1981 for vicarious liability as Ruiz's employer. Section 1981 "implicitly created an independent cause of action against *private* actors because no other statute created such a remedy." *Myers v. Miss. Off. of Cap. Post-Conviction Couns.*, 720 F. Supp. 2d 773, 779-80 (S.D. Miss. 2010) (emphasis in original). Notwithstanding whether Plaintiff can invoke Section

1981 to redress an alleged violation of a *state* – and not federal – law, Plaintiff fails to state a claim against UHC for the simple reason that there can be no vicarious liability here. "Although the school board may be held vicariously liable for the acts of its supervisory employees under Title VII, it cannot be held vicariously liable for violations of § 1981 and 1983." *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 382 n.2 (5th Cir. 1988) (citing *Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 762-63 (5th Cir. 1986)). Accordingly, UHC may not be vicariously liable under Section 1981.

Moreover, this Court has held that there was no violation of Section 1983 as Ruiz is not a state actor, and the violation by Ruiz of Section 1983 is based on state law. Accordingly, UHC cannot be vicariously liable under Section 1981 for a violation that this Court dismissed against its employee. *Miller v. Target Corp.*, 854 F. App'x 567, 570 (5th Cir. 2021) ("In addition to dismissing Miller's IIED claim, the district court dismissed all claims of Target's alleged vicarious liability because all underlying tort claims against Target's agent, Blythe, were dismissed. . . . Though Blythe may have been in the course and scope of employment, all underlying tort claims in this case have been dismissed. Without some underlying liability of Target's employee, Target cannot be vicariously liable.").[2] Accordingly, Plaintiff's claims against UHC under Section 1981 must be dismissed.

### C. Pendent Jurisdiction

Plaintiff has alleged state-law claims under Section 51:1226 against both Defendants. In the Fifth Circuit, the "'general rule' is to decline to exercise jurisdiction over pendent state-

---

[2] AS the Court's resolution of these claims is dispositive of Plaintiff's federal law violation, it need not consider whether the complaint should be dismissed for insufficient service of process.

law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial" though "this rule is neither mandatory nor absolute." *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). When deciding whether to retain jurisdiction, a court should "consider both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity . . . ." *Id.* Under Section 1367(c), a district court may decline to exercise supplemental jurisdiction if:

> (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, Section 1367(c)(3) applies because the Court has dismissed Plaintiff's federal statutory claims as to both Defendants. *Weiser v. Castille*, No. CV 20-2043, 2021 WL 5579800, at *3 (E.D. La. Nov. 30, 2021). Additionally, judicial economy, convenience, fairness, and comity favor declining to exercise jurisdiction over Plaintiff's pendent state-law claims. Service of process was first executed on both Defendants less than a year ago, discovery has not yet begun, and no trial date has been set. These facts indicate that judicial economy favors declining to exercise jurisdiction. *See Landrum v. Am. Sec. Ins. Co.*, 2007 WL 2490394, at *3 (E.D. La. Aug. 30, 2007).

IV. **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim and Alternative Motion to Dismiss for Insufficient Service of Process (rec. doc. 13) is **GRANTED**. Plaintiff's

7

claims against the University of Holy Cross and Angela Ruiz under 42 U.S.C. §§ 1981 and 1983 are **DISMISSED WITH PREJUDICE**, and Plaintiff's pendent state-law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this __2nd__ day of _____February_____, 2023.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**